**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 07- |
| INNA PICHUGINA ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Polish authorities seek information from the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>   (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 6/29/07

Certified translation from the Polish language

*Oblong seal*:
DISTRICT PROSECUTOR'S OFFICE
in Warsaw
INVESTIGATIVE DEPARTMENT
ul. Chocimska 28
00-791 WARSAW
Warsaw, 29.05.2006
V Ds. 15/05

**Request**
**for legal assistance in a criminal matter**

The District Prosecutor's Office in Warsaw is supervising the investigation under file reference number V Ds. 15/05 in the matter of taking in period from May 19, 2003 through October 6, 2004 of actions that may prevent or significantly hinder determination of criminal origin of funds in the amount of USD 2,304,293 with the use of the bank account number ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ operated by the Bank Millenium Public Limited Company in Warsaw for Inna Pichugina, originating from proceedings of crime, that is an act under article 299 paragraph 1 of the Polish Criminal Code.

The proceedings in question were initiated as a result of notice of the General Inspector of Financial Information, from which it followed that on September 1, 2003 the General Inspector of Financial Information received from Bank Millenium Public Limited Company a notice of suspect transactions observed on the personal account number ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ belonging to Russian citizen Inna Pichugina.

From the information imparted by the Bank it followed that the above-mentioned person on average every two weeks received foreign currency transfers from abroad in amounts from USD 30,000 to USD 100 000. The transfers were realized via American Express Bank from the USA, and were instructed from other foreign banks, for example from Lateko Bank (Riga), Bank of Asia (Russia), Ogres Comercbanka (Latvia). The originators of the transfers are inter alia the following firms: Cosa Solutions Ltd., Zaga Ltd., Festivex Ltd and other. Funds accumulated in the account are withdrawn in cash by the owner of the account of by attorneys – Piotr Piątkowski or Larisa Shalimova.

On May 15, 2003, Russian citizen Inna Pichugina opened at Bank Millenium Public Limited Company a current-savings account (in PLN) number ▆▆▆▆▆▆▆▆▆ and a current-savings account in foreign currency number ▆▆▆▆▆▆▆▆▆ Attorneys to the above-mentioned accounts were appointed in the persons of Larisa Shalimova, a Russian citizen, and Piotr Piątkowski, residing in Warsaw.
From may 19, 2003, every couple of weeks large amounts of USD began flowing into the account, transferred from banks in Latvia or Russia, forwarded by firms from the USA. And so, for example, on May 19, 2003 the account of Inna Pichugina number ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ was credited with the amount of 50 000.00 USD transferred from Lateko Bank Riga in Latvia on instruction of the firm Cosa Solutions LLC, 1220 N. Market St. Suite 606, Wilmington, New Castle, USA, on account of ▆▆▆▆▆▆▆▆▆ /CONTRACT UNS 287 / ER 27 DD 12 02.2003. These funds on the following day were transferred to a fixed deposit, and on May 21, 2003 withdrawn from the currency account by

attorney Larisa Shalimova. This kind of transactions were effected systematically every couple of weeks, following crediting of the account by incoming transfers from abroad.
In the period of 17 months that lapsed from May 19, 2003 until October 6, 2004, the account of Inna Pichugina number ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was credited with a total amount of USD 2,304,293.00. All funds, within several days of their posting in the account, were withdrawn in cash by the holder of the account or her attorneys.

The transfers crediting the account of Inna Pichugina were effected inter alia via the following banks: Lateko Bank Riga in Latvia, Investment Bank of Moscow in Russia, Ogres Comercbanka in Ogre, Latvia, Ojsc Temirbank in Alma-Ata, Bank of Asia.

Among originators of instructions, firms were revealed seated in the territory of the United States of America.

According to the General Inspector of Financial Information, attention is drawn by the fact that many of the indicated firms possess the same addresses. At the same time almost all transfers ordered by these firms contained as titles similar inscriptions, e.g. RFB/RM0363961D-SW/OBO/CONTRACT UNS 287/ER 27DD 12.02.2003, RFB/SCBM2705000613 CONTRACT UNS-287/ER 27 DD 12.02.2003
Analysis of financial operations performed in the account of Inna Pichugina at the Bank Millenium, and in particular the variety of American firms ordering transfers via Russian and Latvian banks raises doubts as to the credibility of the originators.

In connection with financial operations carried out by Russian citizens, the files of the case have been supplemented with subsequent notices of offenses filed by the General Inspector of Financial Information concerning accounts of Russian citizens operated at Bank PRzemysłowo-Handlowy Public Limited Company in Warsaw of the following numbers:

1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen ILGAR ALIEV with power-of-attorney for Andrzej Chmielewski
2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NATALYA POPOVA with power-of-attorney for citizen of Ukraine Andriy Kazakhenko
3) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NINA VAVULINA
4) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NADYEZDA SAVINA
5) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen Elena Olkova
6) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NATALIA DIOURIAGUINA
7) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen Rassima Degaeva.
With respect to the accounts indicated in items 5-6, attorney is Waldemar Paprocki, whereas in case of the account mentioned in item 7, attorney is Andrzej Chmielewski.

The proceedings in question also cover financial operations carried out by Natalia Popova, Halyna Kazakhenko and Andriy Kazakhenko.

From the carried out analyses of the bank accounts it follows that the account number ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, operated for Inna Pichugina at Bank Millenium Public Limited Company, was credited with transfers from the following firms:

1. COSA SOLUTIONS LLC, 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA transferred the following amounts:

- USD 50,000 with posting date 2003.05.19
- USD 30,000 with posting date 2003.06.03

**2. OPTIMA LLC, 46987 MIDY STREET, SUITE DTEA, SD, US 57064** transferred the following amounts:
- USD 99,990.00 with posting date 2003.06.10
- USD 49,990.00 with posting date 2003.06.17

**3. ZEGA LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, DE 19801, USA** transferred the following amounts:
- USD 49,990.00 with posting date 2003.06.10
- USD 50,000.00 with posting date 2003.07.22
- USD 40,000.00 with posting date 2003.09.03
- USD 39,990.00 with posting date 2003.12.03
- USD 14,996.00 with posting date 2004.02.25
- USD 18,320.00 with posting date 2004.03.30
- USD 25,000.00 with posting date 2004.06.22

**4. SCARTIO CORP., 1105 TERMINAL WAY, SUITE 202, RENO, NEVADA, USA** transferred the following amounts:
- USD 40,000.00 with posting date 2003.08.15
- USD 45,000.00 with posting date 2003.10.21
- USD 54,000.00 with posting date 2003.11.04
- USD 34,990.00 with posting date 2003.11.18

**5. SMITHS TRADING LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA** transferred the following amounts:
- USD 40,000.00 with posting date 2003.10.08

**6. FESTIVEX LTD., 604 LOCUST STR., SUITE 202, DES MOINES, IA, USA 50309** transferred the following amounts:
- USD 50,000.00 with posting date 2003.08.27
- USD 50,000.00 with posting date 2003.09.17
- USD 43,000.00 with posting date 2003.10.29
- USD 51,000.00 with posting date 2003.11.12

**7. ALTAIR TRADING LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA** transferred the following amounts:
- USD 39,990.00 with posting date 2003.07.29

**8. BLANDFOR CORPORATION 2, CORPORATE PLACE 150, 42ND STREET WEST, DES MOINES, IDAHO, USA** transferred the following amounts:
- USD 40,000.00 with posting date 2003.12.09
- USD 68,000.00 with posting date 2003.12.17
- USD 48,553.00 with posting date 2004.04.07
- USD 20,000.00 with posting date 2004.04.14
- USD 29,784.00 with posting date 2004.04.20
- USD 16,428.00 with posting date 2004.04.28
- USD 55,777.00 with posting date 2004.05.12
- USD 32,265.00 with posting date 2004.05.18



attorney Larisa Shalimova. This kind of transactions were effected systematically every couple of weeks, following crediting of the account by incoming transfers from abroad.
In the period of 17 months that lapsed from May 19, 2003 until October 6, 2004, the account of Inna Pichugina number▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was credited with a total amount of USD 2,304,293.00. All funds, within several days of their posting in the account, were withdrawn in cash by the holder of the account or her attorneys.

The transfers crediting the account of Inna Pichugina were effected inter alia via the following banks: Lateko Bank Riga in Latvia, Investment Bank of Moscow in Russia, Ogres Comercbanka in Ogre, Latvia, Ojsc Temirbank in Alma-Ata, Bank of Asia.

Among originators of instructions, firms were revealed seated in the territory of the United States of America.

According to the General Inspector of Financial Information, attention is drawn by the fact that many of the indicated firms possess the same addresses. At the same time almost all transfers ordered by these firms contained as titles similar inscriptions, e.g. RFB/RM0363961D-SW/OBO/CONTRACT UNS 287/ER 27DD 12.02.2003, RFB/SCBM2705000613 CONTRACT UNS-287/ER 27 DD 12.02.2003
Analysis of financial operations performed in the account of Inna Pichugina at the Bank Millenium, and in particular the variety of American firms ordering transfers via Russian and Latvian banks raises doubts as to the credibility of the originators.

In connection with financial operations carried out by Russian citizens, the files of the case have been supplemented with subsequent notices of offenses filed by the General Inspector of Financial Information concerning accounts of Russian citizens operated at Bank PRzemysłowo-Handlowy Public Limited Company in Warsaw of the following numbers:

1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen ILGAR ALIEV with power-of-attorney for Andrzej Chmielewski
2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NATALYA POPOVA with power-of-attorney for citizen of Ukraine Andriy Kazakhenko
3) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NINA VAVULINA
4) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NADYEZDA SAVINA
5) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen Elena Olkova
6) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen NATALIA DIOURIAGUINA
7) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ belonging to Russian citizen Rassima Degaeva.
With respect to the accounts indicated in items 5-6, attorney is Waldemar Paprocki, whereas in case of the account mentioned in item 7, attorney is Andrzej Chmielewski.

The proceedings in question also cover financial operations carried out by Natalia Popova, Halyna Kazakhenko and Andriy Kazakhenko.

From the carried out analyses of the bank accounts it follows that the account number▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, operated for Inna Pichugina at Bank Millenium Public Limited Company, was credited with transfers from the following firms:

1. COSA SOLUTIONS LLC, 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA transferred the following amounts:

1. FORNER INVEST LLC, 6750 WESTOWN PARKWAY, DES MOINES, IA, USA 50267 transferred the following amounts:
- USD 124,982.00 with posting date 2004.10.26
- USD 94,982.00 with posting date 2004.11.02

2. ZEGA LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, DE 19801, USA transferred the following amounts:
- USD 79,995.00 with posting date 2004.11.10
- USD 79,995.00 with posting date 2004.11.17

From the carried out analyses of the bank accounts it follows that the account number ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ operated for Nadyezda Savina at Bank Przemysłowo-Handlowy Public Limited Company, was credited with transfers from the following firms:

1. SMITHS TRADING LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA transferred the following amounts:
- USD 59,985.00 with posting date 2004.02.10
- USD 40,000.00 with posting date 2004.02.27

2. BLANDFOR CORPORATION 2, CORPORATE PLACE 150, 42ND STREET WEST, DES MOINES, IDAHO, USA transferred the following amounts:
- USD 30,000.00 with posting date 2004.03.08
- USD 44,000.00 with posting date 2004.03.23
- USD 30,000.00 with posting date 2004.04.28
- USD 34,985.00 with posting date 2004.05.12
- USD 50,000.00 with posting date 2004.05.19
- USD 36,000.00 with posting date 2004.06.28
- USD 14,985.00 with posting date 2004.07.19
- USD 20,000.00 with posting date 2004.07.21
- USD 30,000.00 with posting date 2004.07.28
- USD 20,000.00 with posting date 2004.08.17
- USD 34,000.00 with posting date 2004.08.30

3. ALTAIR TRADING LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA transferred the following amounts:
- USD 50,000.00 with posting date 2004.06.17
- USD 24,985.00 with posting date 2004.08.09

4. ZEGA LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, DE 19801, USA transferred the following amounts:
- USD 20,000.00 with posting date 2004.08.02
- USD 12,995.00 with posting date 2004.10.04
- USD 27,985.00 with posting date 2004.11.08

5. FORNER INVEST LLC, 6750 WESTOWN PARKWAY, DES MOINES, IA, USA 50267 transferred the following amounts:
- USD 23,985.00 with posting date 2004.08.04
- USD 28,985.00 with posting date 2004.08.11
- USD 11,985.00 with posting date 2004.08.12

- USD 39,985.00 with posting date 2004.08.18
- USD 39,985.00 with posting date 2004.08.19
- USD 32,985.00 with posting date 2004.09.09
- USD 14,985.00 with posting date 2004.09.13
- USD 39,985.00 with posting date 2004.09.14
- USD 19,985.00 with posting date 2004.09.16
- USD 16,985.00 with posting date 2004.09.23
- USD 9,985.00 with posting date 2004.09.27
- USD 9,985.00 with posting date 2004.09.29
- USD 16,985.00 with posting date 2004.10.05
- USD 22,982.00 with posting date 2004.10.11
- USD 23,982.00 with posting date 2004.10.13
- USD 20,982.00 with posting date 2004.10.14
- USD 44,982.00 with posting date 2004.10.19
- USD 22,982.00 with posting date 2004.10.25
- USD 23,482.00 with posting date 2004.10.26
- USD 11,982.00 with posting date 2004.10.27
- USD 20,982.00 with posting date 2004.11.03

From the carried out analyses of the bank accounts it follows that the account number ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ operated for Nina Vavulina at Bank Przemysłowo-Handlowy Public Limited Company, was credited with transfers from the following firms:

1. FORNER INVEST LLC, 6750 WESTOWN PARKWAY, DES MOINES, IA, USA 50267 transferred the following amounts:
- USD 10,326.00 with posting date 2004.10.27
- USD 35,182.00 with posting date 2004.10.27
- USD 9,982.00 with posting date 2004.11.02
- USD 19,982.00 with posting date 2004.11.05

2. ZEGA LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, DE 19801, USA transferred the following amounts:
- USD 15,795.00 with posting date 2004.11.18

From the carried out analyses of the bank accounts it follows that the account number ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ operated for Halyna Kazakhenko at Bank Millenium Public Limited Company, was credited with transfers from the following firms:

1. WEST TRADESTAR L.L.C., 8130 SW BEAVERTON – HILLSDALE HIGHWAY, PORTLAND, OR 97225 USA transferred the following amounts:
- USD 30,000.00 with posting date 2004.09.21
- USD 90,450.00 with posting date 2004.10.21
- USD 100,500.00 with posting date 2004.10.25

2. ERGEN IMPEX LLC, 4825 FUTURE STREET, EUGENE, OREGON 97404 USA transferred the following amounts:
- USD 29,990.00 with posting date 2004.10.05
- USD 80,390.00 with posting date 2004.10.13
- USD 80,390.00 with posting date 2004.10.15

3. ATS INTERNATIONAL LTD., 101 SOUTH SPRING STR., SUITE 220, LITTLE ROCK, AR 72201 USA transferred the following amounts:
- USD 49,990.00 with posting date 2004.10.22

4. ACTIVA SALES L.L.C., 101 SOUTH SPRING STR., SUITE 220, LITTLE ROCK, AR USA transferred the following amounts:
- USD 15,000.00 with posting date 2004.10.28

5. FORNER INVEST LLC, 6750 WESTOWN PARKWAY, DES MOINES, IA, USA 50267 transferred the following amounts:
- USD 14,892.00 with posting date 2004.11.03

From the carried out analyses of the bank accounts it follows that the account number ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ operated for Eduard Likikov at Bank Millenium Public Limited Company, was credited with transfers from the following firms:

1. BELTON INVESTMENT INC., 8130 SW BEAVERTON – HILLSDALE HWY, PORTLAND, OREGON 97225 UNITED STATES transferred the following amounts:
- USD 30,150.00 with posting date 2003.05.06

2. ATS INTERNATIONAL LTD., 101 SOUTH SPRING STR., SUITE 220, LITTLE ROCK, AR 72201 USA transferred the following amounts:
- USD 15,000.00 with posting date 2003.09.19
- USD 18,290.00 with posting date 2003.10.02
- USD 17,990.00 with posting date 2003.10.07
- USD 15,075.00 with posting date 2003.10.10
- USD 16,600.00 with posting date 2003.10.13
- USD 30,028.00 with posting date 2003.10.15
- USD 30,000.00 with posting date 2003.10.22
- USD 10,040.00 with posting date 2003.10.24
- USD 10,990.00 with posting date 2003.10.24
- USD 23,200.00 with posting date 2003.10.28
- USD 20,100.00 with posting date 2003.10.29
- USD 15,100.00 with posting date 2003.10.30
- USD 20,150.00 with posting date 2003.11.05
- USD 56,000.00 with posting date 2003.11.05
- USD 25,150.00 with posting date 2003.11.13
- USD 30,000.00 with posting date 2003.11.17
- USD 35,000.00 with posting date 2003.11.18
- USD 30,200.00 with posting date 2003.11.18
- USD 20,990.00 with posting date 2003.11.27
- USD 27,150.00 with posting date 2004.01.15
- USD 9,990.00 with posting date 2004.01.21
- USD 20,115.00 with posting date 2004.01.27
- USD 15,100.00 with posting date 2004.02.26
- USD 10,000.00 with posting date 2004.03.16
- USD 10,000.00 with posting date 2004.03.24
- USD 15,150.00 with posting date 2004.03.24
- USD 30,000.00 with posting date 2004.03.31
- USD 15,100.00 with posting date 2004.04.13



- USD 20,000.00 with posting date 2004.06.25
- USD 30,160.00 with posting date 2004.09.16
- USD 53,700.00 with posting date 2004.10.06
- USD 59,990.00 with posting date 2004.10.19

3. CLYDE ALLIANCE LTD., 8407, N.E. FREMONT STR. 229, PORTLAND, OREGON transferred the following amounts:
- USD 62,455.00 with posting date 2003.09.30
- USD 50,225.00 with posting date 2003.10.17
- USD 50,225.00 with posting date 2003.11.04

4. HI-MAX LLC, RITCHIE HIGHWAY, 835B SERENA PARK, MD 21146, UNITED STATES transferred the following amounts:
- USD 40,190.00 with posting date 2003.10.28
- USD 43,240.00 with posting date 2003.03.26

5. RIZOLT CORP., 2008 WEST LINCOLN HIGHWAY, SUITE 915, MERRILLVILLE, INDIANA 46410-5337 transferred the following amounts:
- USD 130,650.00 with posting date 2004.02.09

6. AMERITEX LLC, 1108 E. SOUTH UNION AVENUE. MIDVALE UT 84047, UNITED STATES transferred the following amounts:
- USD 40,190.00 with posting date 2004.03.10
- USD 27,990.00 with posting date 2004.04.13

7. TROIKA DIALOG LTD., 8407 N.E. FREMONT ST. 229, PORTLAND, OREGON 97220, USA transferred the following amounts:
- USD 16,000.00 with posting date 2004.06.02

8. BLANDFOR CORPORATION 2, CORPORATE PLACE 150, 42ND STREET WEST, DES MOINES, IDAHO, USA transferred the following amounts:
- USD 50,240.00 with posting date 2004.07.19

9. FORNER INVEST LLC, 6750 WESTOWN PARKWAY, DES MOINES, IA, USA 50267 transferred the following amounts:
- USD 50,240.00 with posting date 200,4.08.18

10. ERGEN IMPEX LLC, 4825 FUTURE STREET, EUGENE, OREGON 97404 USA transferred the following amounts:
- USD 46,990.00 with posting date 2004.08.27
- USD 50,250.00 with posting date 2004.09.01
- USD 44,210.00 with posting date 2004.09.08
- USD 59,990.00 with posting date 2004.09.15
- USD 65,320.00 with posting date 2004.09.27

In the course of the investigation it was further established that the firms:

MIRAFLEX LC 820 LANE ALLEN RD, SUITE 219, LEXINGTON, KENTUCKY, 40504 USA and EURO TRANS INC, 1108 E, SOUTH UNION AVENUE 80447

MIDVALE UT USA ere indicated on export invoices issued by Przedsiębiorstwo Odzieżowe "SALKO" with offices in Poland as purchaser of textile clothes.

In turn, the firm INTERTRADE CENTER LLC, 17207 NE 45 STREET 76, REDMOND WA 98052 USA was indicated on export invoices issued by Zakład Konfekcyny "TEAN" with offices in Poland as purchaser of textile clothes.

The firm GUARDIAN LIMITED LIABILITY COMPANY, 101 SOUTH SPRING STREET, SUITE 220, 72201 LITTLE ROCK, ARKANSAS, USA was indicated on export invoices issued by the firm "GALEX" Andy Kazakhenko with offices in Poland as purchaser of textile clothes.

From the schedules of foreign currency transfers preented above it follows that among firms ordering transfers or indicated on export invoices there are firms seatdd in the territory of the United States of America:

- COSA SOLUTIONS LLC, 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA
- OPTIMA LLC, 46987 MIDY STREET, SUITE DTEA, SD, US 57064
- ZEGA LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, DE 19801, USA
- SCARTIO CORP., 1105 TERMINAL WAY, SUITE 202, RENO, NEVADA, USA
- SMITHS TRADING LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA
- FESTIVEX LTD., 604 LOCUST STR., SUITE 202, DES MOINES, IA, USA 50309
- ALTAIR TRADING LTD., 1220 N. MARKET ST., SUITE 606, WILMINGTON, NEW CASTLE, USA
- BLANDFOR CORPORATION 2, CORPORATE PLACE 150, 42ND STREET WEST, DES MOINES, IDAHO, USA
- BABILON LTD., 8130 SW BEAVERTON HILLSDALE HWY, PORTLAND, OR, USA
- FORNER INVEST LLC, 6750 WESTOWN PARKWAY, DES MOINES, IA, USA 50267
- IDEATION TRADING GROUP LLC, 1220 N. MARKET ST., WILMINGTON, DELAWARE, USA
- WEST TRADESTAR L.L.C., 8130 SW BEAVERTON – HILLSDALE HIGHWAY, PORTLAND, OR 97225 USA
- ERGEN IMPEX LLC, 4825 FUTURE STREET, EUGENE, OREGON 97404 USA
- ACTIVA SALES L.L.C., 101 SOUTH SPRING STR., SUITE 220, LITTLE ROCK, AR USA
- INTERTRADE CENTER LLC, 17207 NE 45 STREET 76, REDMOND WA 98052 USA
- EURO TRANS INC, 1108 E, SOUTH UNION AVENUE 80447, MIDVALE VT USA
- MIRAFLEX LC 820 LANE ALLEN RD, SUITE 219, LEXINGTON, KENTUCKY, 40504 USA
- GUARDIAN LIMITED LIABILITY COMPANY, 101 SOUTH SPRING STREET, SUITE 220, 72201 LITTLE ROCK, ARKANSAS, USA

- BELTON INVESTMENT INC., 8130 SW BEAVERTON – HILLSDALE HWY, PORTLAND, OREGON 97225 UNITED STATES
- ATS INTERNATIONAL LTD., 101 SOUTH SPRING STR., SUITE 220, LITTLE ROCK, AR 72201 USA
- CLYDE ALLIANCE LTD., 8407, N.E. FREMONT STR. 229, PORTLAND, OREGON
- AMERITEX LLC, 1108 E. SOUTH UNION AVENUE. MIDVALE UT 84047, UNITED STATES
- HI-MAX LLC, RITCHIE HIGHWAY, 835B SERENA PARK, MD 21146, UNITED STATES
- TROIKA DIALOG LTD., 8407 N.E. FREMONT ST. 229, PORTLAND, OREGON 97220, USA
- RIZOLT CORP., 2008 WEST LINCOLN HIGHWAY, SUITE 915, MERRILLVILLE, INDIANA 46410-5337

In the present state of the case, further course of the investigation supervised by the District Prosecutor's Office in Warsaw depends on data, which may be collected in the territory of the Latvian Republic.

For this purpose I kindly request performance by way of international legal assistance of the following actions:

**I.   securing for the needs of the present investigation certified Xerox copies of documents concerning the above-mentioned companies, and in particular:**

1. founding acts, documents concerning their legal forms, subject of activity, owners or shareholders, managers, amount of initial capital and place of activity in the period 2002-2005

2. commercial contracts concluded with firms of persons from Russia, Lithuania, and Latvia and history of bank accounts for the period 2002-2005 documenting the transfers described above

3. documentation concerning sources of revenue declared by members of these companies from business activity in the territory of Great Britain and declared amount of the sources of revenue.

**II.   verification of the above-mentioned companies and interview as witnesses persons on their management bodies and shareholders in the scope concerning the following issues:**

- whether they are registered and conduct business activity, and in what scope
- whether they meet registration requirements concerning the company and other
- whether these firms were found not to reveal data concerning recipients of transfers, titles of transactions
- whether English banks happened to deny execution of transactions of the above-mentioned firms, and if so, why
- whether there are connections between the above-mentioned firms (personal, capital, in the scope of location of offices or other)
- whether they possess branch offices and bank accounts in other countries, including Russia, Latvia and Lithuania,

- whether there were instances of sale of shares (stock) of the above-mentioned firms to other entities, in particular seated in Russia, Latvia and Lithuania,
- whether in the period 2002-2005 they effected foreign transfers to Russia, Latvia and Lithuania,
- whether they possess assets (stock, shares) in other business entities, in particular commercial companies
- whether they are bound by commercial contracts with firms or persons from Russia, Latvia and Lithuania, and if so what firms or persons
- whether they effected bank operations consisting in transferring funds to Poland via banks seated in Russia, Latvia and Lithuania, and if so, what were the titles for the transactions and who was the beneficiary of the transfers, and what were the sources of financing of the transfers described above.

In case of possession by the interviewed witnesses of documentation concerning the issues presented above, I kindly request securing of their certified Xerox copies and attachment thereof to records of interview.

In connection with a need for establishment whether the funds invested in Poland do not originate from proceeds of crime and do not serve "dirty money laundering", I also kindly request advice whether the founders, shareholders of the above-mentioned companies (as well as members of their management bodies) have a criminal record in the territory of the United Kingdom, and if so, for what offenses, and whether there are currently conducted criminal proceedings in which these persons appear as suspects or defendants.

Please also establish:

- whether there are or were court proceedings conducted with respect to the above mentioned companies in connection with their business activity
- whether they are recorded in financial databases in connection with reporting suspect transactions
- whether they are recorded in databases as unreliable debtors
- whether these companies were mentioned in reports on suspicious activity, and if so, please forward the same.

At the same time, in connection with a need for obtaining comprehensive sources of information, please interview as witnesses in the scope of above-mentioned issues employees of financial, tax, customs and other investigative bodies that may possess knowledge on the issues in question.

In the course of interview please extend the indicated issues to cover other circumstances, following from the obtained responses.

At once I kindly request, if possible in the light of local legal regulations, conduct of these actions in record form pursuant to article 148 paragraph 1, 2, 3 and 4 of the Polish Code of Criminal Procedure, and also advising witnesses prior to commencement of interview of the content of article 233 paragraph 1 of the Polish Criminal Code and the content of article 183 paragraph 1 of the Polish Code of Criminal Procedure, and acquaintance thereof with the content of article 190 paragraph 1 and 2 of the Polish Code of Criminal Procedure.

*Oblong seal:*
ASSISTANT
DISTRICT PROSECUTOR
in Warsaw
/-/ illegible signature
Zbigniew Ordanik, MA

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim: "DISTRICT PROSECUTOR'S OFFICE IN WARSAW".*

*Oblong stamp:*

District Public Prosecutor's Office
in Warsaw
Investigation Department
ul. Chocimska 28
00-791 Warsaw

**Excerpt from the Polish Criminal Code**
**(Journal of Laws No. 88, 1997, item 553,)**

Article 233 paragraph 1
Any person who, while giving testimony which is going to serve as evidence in court proceedings or other proceedings being conducted on the basis of a law, gives false evidence or withholds the truth is liable to imprisonment for a period of up to 3 years.

Article 299 paragraph 1
A person who, with respect to currency, securities or other foreign exchange values, property rights or movable property or real estate, originating from proceeds associated with the perpetration of a criminal act, accepts, transfers or takes abroad, assists in the transfer of ownership or possession thereof, or undertakes other actions that can foil or render significantly more difficult the determination of their criminal origin or place of storage, their discovery, seizure or decision on forfeiture, is subject to a penalty of imprisonment for a period from 6 months up to 8 years.

### Article 101 Paragraph 1

An offence may not be prosecuted upon the expiration of the following periods from the time of its perpetration:
1. 30 years – if the act is a felony of homicide;
2. 20 years – if the act is another felony;
2a. 15 years – if the act is an offense amenable to a penalty of imprisonment exceeding 5 years,
3. 10 years – if the act is an offense amenable to a penalty of imprisonment exceeding 3 years;
4. 5 years – in case of other offenses

**Excerpt from the Polish Code of Criminal Procedure**
(Journal of Laws No. 89, June 6th, 1997, item 555, amended)

### Article 148 paragraph 1

A record should contain:
1) a marking of the action, its time and place, and persons participating therein,
2) the course of the action and the statements and conclusions of its participants,
3) decisions and orders issued in the process, and if a decision or order was drawn up separately, a mention of its issuance,
4) a statement of other circumstances pertaining to the course of the action, as need may be.

### Article 148 paragraph 2

Explanations, testimonies, statements and conclusions, as well as statements of specific circumstances by the body conducting the proceedings are entered in the record with possible precision, and the persons participating in the action have a right to demand entering in the record of everything that regards their rights and interests.

### Article 148 paragraph 3

In a record, testimonies or explanations may not be replaced with references to other records.

### Article 148 paragraph 4

Persons participating in an action have a right to demand a reading of fragments of their statements entered in the record.

### Article 183 paragraph 1

A witness may decline to answer a question if such an answer could expose the witness or a closest relative thereof to liability for an offence or a fiscal offence.

**Article 190 paragraph 1**

Prior to commencing examination, it is necessary to advise a witness against criminal liability for giving false testimony or withholding the truth.

**Article 190 paragraph 2**

In preliminary proceedings, a witness signs a statement that he/she has been advised against such liability.

Certified to be true:
*Oblong stamp:*
Prosecutor of the District Public Prosecutor's Office
in Warsaw, Śródmieście
Mariusz Wajda
*(-) signature illegible*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* District Public Prosecutor's Office in Warsaw

*Repertory No. 1171/2006*

*I, the undersigned, Ryszard Pruszkowski, sworn translator of the English language for the District Court of the City of Warsaw, hereby certify that the above text is a true and complete translation of the original Polish document.*
*Warsaw, July 03, 2006*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc No. 07- |
| INNA PICHUGINA ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

    3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.

_____
United States District Court Judge